Barnard, P. J.
Under the findings, and there is no case made showing the evidence, the $5,000 bonds belonged to the defendant individually. He had signed an undertaking for the plaintiff’s husband to secure the payment of alimony at the rate of nine dollars a week. By order of the court, the surety deposited the bonds as further security for the payment.
The findings do not show that a right was reserved in the decree to increase the alimony, but it was increased by the court to fifteen dollars a week, and no doubt it was properly done upon notice to the defendant in the divorce suit.
The surety had not agreed for a greater sum than nine dollars a week, and his liability could not be increased without his assent, and the findings show none. It was, therefore, improper for the court to sell the bonds by order and direct the payment of the increased alimony out of the surety’s property.
It was also improper to apply the proceeds of the bonds to the burial of the child of the parties in the divorce action. The surety had not so agreed. As to the increased alimony, the plaintiff received the money and ex equo el bona received.it for the use of the surety, and it must be applied on the payment of the alimony the surety agreed to pay. The same result must follow the payment of the burial expenses. The findings of fact do not state specifically whether the payment of this bill was made to the *844 plaintiff, but it is so to be inferred from the findings of fact, .and it is so stated in the conclusions of law.
The appeal of the plaintiff does not show any error calling for a reversal or modification of the judgment. The appeal of the defendant presents the question whether interest is allowable upon the illegal payments. The sale of the bonds was legal. It was to furnish the money with which to perform defendant’s obligation. The trustee exceeded the authority which could be given in making a larger payment than defendant was obliged to pay.
If this payment had not been made the money would have been without interest in the hands of the trustee under the decree. The plaintiff has promised to pay no interest in express terms. It was a mistake in amount, and if she pays it back by an allowance on her real claim, there should equitably be no interest. It was a payment in advance of the nine dollars weekly allowance, and the defendant is still in arrears.
The judgment should be affirmed, without costs to either party upon appeal.
Pratt and Dykman, JJ., concur.